```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MINNESOTA
```

| | |
|---|---|
| FRANK BRIAN AMBROSE, | Case No. 13-CV-2343 (PJS/JSM) |
| Petitioner, | |
| v. | ORDER |
| B.R. JETT, Warden, and BUREAU OF PRISONS, | |
| Respondents. | |

Frank Brian Ambrose, pro se.

Gregory G. Brooker, UNITED STATES ATTORNEY'S OFFICE, for respondents.

Petitioner Frank Brian Ambrose, who is currently serving a 70-month sentence in FMC-Rochester, brings this action seeking to be placed in home confinement for the remainder of his sentence. In a Report and Recommendation ("R&R") dated October 30, 2013, Magistrate Judge Janie S. Mayeron recommends granting Ambrose's petition and ordering respondents to immediately place Ambrose in either a residential reentry center or in home confinement.

This matter is before the Court on respondents' objection to the R&R. Respondents do not object to Judge Mayeron's legal reasoning or substantive recommendations. Instead, respondents argue that, because they plan to release Ambrose to a residential reentry center on November 21, 2013, this case is moot. The Court does not agree.

It is true that, if the defendant can show that it is "absolutely clear" that its allegedly wrongful conduct cannot reasonably be expected to recur, then the defendant's voluntary cessation of that conduct will render the case moot. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 727 (2013) (citation and quotations omitted). But respondents cite no law for the

proposition that a defendant can render a case moot simply by announcing an *intention* to cease its allegedly illegal conduct at some point in the future.

Relatedly, it is not true that the Court can no longer order any effective relief in this case. Ambrose primarily seeks to be released to home confinement. Respondents, however, do not state that they intend to release him to home confinement; instead, they state merely that he will be released to a residential reentry center and may possibly be placed in home confinement. The Court is unlikely to order that Ambrose be placed in home confinement, given that he has not timely objected to Judge Mayeron's recommendation that he be placed either in a residential reentry center or in home confinement. But the fact that such a remedy remains available within the context of this case means that the case is not moot. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996).

For these reasons, respondents' objection is overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES respondents' objection [ECF No. 9] and ADOPTS the October 30, 2013 R&R [ECF No. 8]. IT IS HEREBY ORDERED THAT respondents shall immediately place petitioner in a residential reentry center or release him to home confinement for the duration of his sentence.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 15, 2013      s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge